UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DONNA L. THOMPSON,

              Plaintiff,

v.                                          **DECISION AND ORDER**
                                                  13-CV-731S

HARTFORD LIFE INSURANCE COMPANY,

              Defendant.

1.    *Pro se* Plaintiff Donna L. Thompson initiated this action as a small claims proceeding in Lackawanna City Court. The notice of claim, dated June 14, 2013, stated that Plaintiff was claiming "Monies Due for $1,200" for "[f]ailure to pay claim denied for lack of personal information, even with doctors records." (Docket No. 1-1.) On July 15, 2013, three days before the scheduled small claims hearing, Defendant removed the matter to this Court.

2.    In its Notice of Removal, Defendant asserts that removal is proper because "Plaintiff['s] claims concern disability benefits under a [p]olicy of disability insurance provided by Hartford to Plaintiff's employer." (Notice of Removal ¶ 5, Docket No. 1.) Defendant argues that the policy is part of an employee welfare benefits plan as defined by the Employee Retirement Income Security Act of 1974 ("ERISA") § 3(1), 29 U.S.C. § 1002(1), and this federal law provides the exclusive remedy for any claims by beneficiaries related to the plan. (Notice of Removal ¶ 6 (citing Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 107 S. Ct. 1549, 95 L. Ed. 2d 39 (1987).) Defendant asserts that such claims are removable regardless of whether they appear on the face of a complaint. (Id. (citing

1

Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 107 S. Ct. 1542, 95 L. Ed. 2d 55 (1987).)

3.  Presently before this Court is Defendant's motion, filed on July 22, 2013, requesting that this Court "enter an order requiring the Plaintiff to file a Complaint." (Docket No. 5.) Defendant argues that "Plaintiff has not served a Complaint or similar initial pleading" because the "[state c]ourt-generated document notifying [Defendant] of the Plaintiff's claim and scheduling a hearing date" was not a pleading filed by Plaintiff. (Id. ¶ 2.) However, unlike those actions in which a "notice of claim" is merely a condition precedent to the initiation of a lawsuit, see generally N.Y. Gen. Mun. Law § 50-i; Alexander v. City of Syracuse, 454 Fed. App'x 6, 8 (2d Cir. 2011), a notice of claim in a small claims proceeding *is* the initial pleading commencing the action, one to which a defendant must respond by appearing as summoned or risk being held in default. N.Y. Ct. Rules § 214.10 (b), (c), and (h); see N.Y. Uniform Justice Court Act § 1803(a) (small claims do not require service of "any pleading *other than* a statement of [a] cause of action by the claimant or someone in his behalf to the clerk, who shall reduce the same to a concise, written form" (emphasis added)). Indeed, if it were not, then there would be no action for Defendant to remove in the first place.

4.  Accordingly, this Court interprets Defendant's motion as one for a more definite statement of a pleading. Pursuant to Rule 12(e) of the Federal Rules of Civil Procedure:

> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired.

"Motions pursuant to Rule 12(e) are disfavored and should not be granted 'unless the complaint is so excessively vague and ambiguous as to be unintelligible and as to

prejudice the defendant seriously in attempting to answer it.' " Greater New York Auto. Dealers Ass'n v. Environmental Sys. Testing, Inc., 211 F.R.D. 71, 76 (E.D.N.Y. 2002) (quoting Bower v. Weisman, 639 F. Supp. 532, 538 (S.D.N.Y.1986)). "Courts must keep in mind . . . that the FRCP abolished bills of particulars and that the phrase 'cannot reasonably prepare a response' means more than 'we prefer to have this information sooner than later.'" Sterling v. Mercantile Adjustment Bureau, LLC, No. 11-CV-639A, 2011 WL 4915813, *2 (W.D.N.Y. Oct. 17, 2011) (internal quotation marks and citation omitted). Instead, "[t]he rule is designed to strike at unintelligibility rather than want of detail and . . . allegations that are unclear due to a lack of specificity are more appropriately clarified by discovery rather than by an order for a more definite statement." Kok v. First Unum Life Ins. Co., 154 F. Supp. 2d 777, 782 (S.D.N.Y. 2001)(internal quotation marks and citation omitted).

5.  Here, although sparse, the statement contained in the small claims court notice sufficiently indicates that Plaintiff is alleging that Defendant improperly denied an insurance claim in the amount of $1200 for lack of supporting detail, despite Plaintiff's submission of medical records. Considering the liberal construction that this Court is obligated to afford to the pleadings of pro se litigants such as Plaintiff, see Tracy v. Freshwater, 623 F.3d 90, 101 (2d Cir. 2010), it cannot be concluded that this statement was so "so vague or ambiguous that [Defendant] cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Indeed, the notice of claim was sufficient enough to inform Defendant that Plaintiff was claiming "disability benefits under a [p]olicy of disability insurance provided by [Defendant] to Plaintiff's employer," as evidenced by the removal to this Court. (Notice of Removal ¶ 5); see 28 U.S.C. § 1446(b)(1) (notice of removal must be filed within 30 days after receipt

of "initial pleading setting forth the claim for relief upon which such action or proceeding is based . . ."). Further details, such as the date the claim for disability benefits was made, may be obtained through discovery. Kok, 154 F. Supp. 2d at 782.

IT HEREBY IS ORDERED that Defendant's Motion for an Order Requiring Filing of a Complaint (Docket No. 5) is DENIED;

FURTHER, that Defendant has seven days from the date of this order to file an answer or present applicable defenses (see Fed. R. Civ. P. 81(c)).

SO ORDERED.

Dated: August 2, 2013
       Buffalo, New York

/s/William M. Skretny
WILLIAM M. SKRETNY
Chief Judge
United States District Judge